IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. HENRY, F00408, ) | |
|     Plaintiff(s), ) | No. C 16-2638 CRB (PR) |
| vs. ) | ORDER OF DISMISSAL |
| STEVE ALLBRITTON, ) | |
|     Defendant(s). ) | |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that SQSP Associate Warden Steve Allbritton violated his federal constitutional right to due process by improperly denying him an opportunity to begin the process of recalling his prison commitment for "exceptional behavior" pursuant to section 3076(a) of title 15 of the California Code of Regulations. Plaintiff contends that he qualifies for the recall of his prison commitment under section 3076(a)(1).

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In the context of parole, the Supreme Court has held that although there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence, see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest, see Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (Montana parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); Greenholtz, 442 U.S. at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. See Allen, 482 U.S. at 373-81; Greenholtz, 442 U.S. at 11-16.

/

2

The same rationale applies to the process of recalling a prison commitment on account of a prisoner's "exceptional behavior," as California law provides. It is not a constitutional right, but if California's statutory/regulatory scheme uses mandatory language that creates a legitimate expectation that a prisoner's commitment will be recalled if certain substantive predicates are met, the statutory scheme may create a protected liberty interest that cannot be denied without adequate procedural due process protections. See Allen, 482 U.S. at 373-81; Greenholtz, 442 U.S. at 11-16.

The regulation plaintiff relies on, California Code of Regulations title 15, section 3076(a), provides that the Secretary of the California Department of Corrections and Rehabilitation, or designee, "may recommend at any time to the sentencing court the recall of an inmate's commitment pursuant to Penal Code section 1170(d)" for one or more of the following reasons:

> (1) It is evident from the inmate's exceptional behavior that is so extraordinary beyond simply complying with all regulations and procedures during incarceration that they have changed as a person and would be a positive asset to the community.
>
> * * *

Cal. Code Regs. tit. 15, § 3076(a).[1] According to plaintiff, he qualifies for the recall of his commitment under § 3076(a) and defendant violated his right to due process by recommending otherwise to the Secretary and thereby denying him an opportunity to begin the recall process in the sentencing court.

Unfortunately for plaintiff, the regulation upon which he relies does not create a liberty interest triggering federally enforceable procedural rights.

---

[1] California Penal Code section 1170(d) authorizes a court, at any time upon recommendation of the Secretary of the California Department of Corrections and Rehabilitation or Board of Parole Hearings, to recall a sentence and commitment.

1  Section 3076(a) does not contain "substantive predicates" governing official
2  discretion and does not employ "explicitly mandatory language" specifying the
3  outcome that must be reached upon finding that substantive predicates have been
4  met.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63
5  (1989); accord Allen, 482 U.S. at 373-81; Greenholtz, 442 U.S. at 11-16.  Put
6  simply, section 3076 provides "no private cause of action" under the Due Process
7  Clause.  Larson v. Runnels, No. CIV S-07-0806 FCD DAD P, 2007 WL
8  4557103, at *3 (E.D. Cal. Dec. 21, 2007).

In addition, it is well-established under California law that the recall of a prisoner's commitment pursuant to Penal Code section 1170(d) is "permissive, not mandatory," People v. Delson, 161 Cal. App. 3d 56, 62 (1984), and that section 1170(d) does not confer any right on a defendant to seek the recall of his commitment.  See People v. Pritchett, 20 Cal. App. 4th 190, 193-94 (1993).  Not surprising, federal courts presented with the issue consistently have held that there is no basis for finding that section 1170(d) gives rise to a liberty interest enforceable as a matter of federal due process.  See Harris v. Valenzuela, No. CV 14-7692-R (MAN), 2014 WL 4988150, at *5 (C.D. Cal. Oct. 7, 2014) (citing cases).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  June 30, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Henry, C.16-2638.dismissal.wpd